F. Christopher Austin
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 382-4804
Fax (702) 382-4805

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD E. MORISKY, an individual, | Case No.:  2:20-cv-00964 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, MMAS Research Italy S.R.L, an Italian company, and MMAS Research France, SAS, a French company, | |
| Defendants. | |

For its complaint against Defendants, Plaintiff Dr. Donald E. Morisky complains and alleges as follows:

## NATURE OF ACTION

This is an action for copyright and trademark infringement and unfair competition under federal statutes, with pendent claims for common law trademark infringement, and state deceptive trade practices.

Dr. Morisky, distinguished professor emeritus at the UCLA Fielding School of Public Health is the owner of two federally registered copyrights in what is known as the Morisky Medication Adherence Scale ("MMAS"), used world-wide as the "gold standard" for medical practitioners and researchers to predictively assess potential compliance issues patients may have with following medication protocols so that appropriate remedial and interventive actions can be taken to preserve the health and even the life of the patient.  He is also the owner of all related

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114         1         Amended Complaint

1  intellectual property, including all trademarks employing the mark MORISKY, or MMAS used
2  in connection such medication adherence goods and services.

3  Prior to taking emeritus status, Dr. Morisky licensed Defendant MMAS Research, LLC,
4  whose sole principle and owner is Defendant Steven Trubow, to sublicense his copyrighted scales
5  and protocols in exchange for 50% of the net fees MMAS Research, LLC collected, among other
6  consideration. At the express and exclusive direction of Trubow, MMAS Research, LLC
7  breached the license agreement with Dr. Morisky by among other things failing to remit the fees
8  owed.

9  Accordingly, on April 10, 2020, Dr. Morisky terminated the license agreement with
10  MMAS Research, LLC, revoking any license MMAS Research, LLC had to use the Morisky
11  copyrights, trademarks and related intellectual property, including any right to sublicense its
12  affiliated entities, Defendants MMAS Research Italy S.R.L., and MMAS Research France, SAS,
13  owned, managed and controlled exclusively by Trubow, to do the same.

14  Nevertheless, at the express direction of Trubow, MMAS Research and its affiliated
15  Defendant entities have continued to unlawfully engage in the business of offering, sublicensing,
16  and infringing Dr. Morisky's copyrights, trademarks, and related intellectual property in Nevada,
17  throughout the United States and internationally.

18  **JURISDICTION**

19  1.  This Court has subject matter jurisdiction over this case pursuant to 17 U.S.C. §§
20  101, et seq., 15 U.S.C. § 1121, and 28 U.S.C. §§1331 and 1338(a). This Court has supplemental
21  jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) in that those claims
22  arise out of a common nucleus of operative facts as the federal claims, and the Court's exercise
23  of jurisdiction over the state law claims will promote judicial economy, convenience, and fairness
24  to the parties.

25  2.  This Court has personal jurisdiction over Defendants because: (a) Defendants do
26  business and/or actively solicit business in Nevada; (b) Defendants have continuous and ongoing
27  business contacts with residents of Nevada, have scheduled training conferences in Nevada and
28  have maintained an address for company operations in Nevada; (c) Defendants have intentionally

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114        2        Amended Complaint

1  engaged in acts targeted at Nevada that have caused harm within Nevada; and (d) Defendants
2  have purposefully availed themselves of the privilege of conduction business in Nevada.
3      3.    Venue is proper in the United States District Court for the District of Nevada under
4  28 U.S.C. § 1391(b) and (c), and venue lies in the unofficial Southern Division of this Court, in
5  that Defendants conduct business in and or subject to personal jurisdiction in this district and
6  venue and in that a substantial part of the acts or omissions giving rise to the claims asserted
7  herein occurred and/or had effects in this district and venue.

## PARTIES

9      2.    Plaintiff, Dr. Donald E. Morisky, resides in Las Vegas, Nevada, and is
10 distinguished professor emeritus at the UCLA Fielding School of Public Health.  He is the creator
11 of the "Morisky Medication Adherence Scale" and the holder of two federally registered
12 copyrights relating to the same: TX0008285390 for "Morisky Medication Adherence Scale (4-
13 item)" and TX0008632533 for "Morisky Medication Adherence Scale (8-item) (the "Morisky
14 Copyrights").  He is the owner of the related trademarks: MORISKY, MORISKY
15 MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY MEDICATION
16 ADHERENCE PROTOCOL, MMAS, MMAS-4, MMAS-8, and MORISKY WIDGET (the
17 "Morisky Marks"); and he is the owner of the related proprietary information, including, without
18 limitation, the scoring and training protocols used in connection with his scales (the "Morisky
19 Protocols").  Collectively, the Morisky Copyrights, Trademarks and Protocols are the "Morisky
20 Intellectual Property").
21     3.    Defendant Steven Trubow is an individual residing in California and is the sole
22 managing member of Defendant MMAS Research LLC, a Washington State limited liability
23 company, which has operated out of California and Nevada and was formed for the exclusive
24 purpose of sublicensing Dr. Morisky's intellectual property in accordance with a license
25 agreement between Dr. Morisky and MMAS Research.
26     4.    On information and belief Trubow is the sole owner and executive authorized to
27 control and direct all aspects of Defendants MMAS Research Italy S.R.L. and MMAS Research
28 France, SAS, both of which companies have purported to have received sublicenses to Dr.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114    3    Amended Complaint

Morisky's intellectual property from Defendant MMAS Research, LLC. Collectively, Defendants MMAS Research, LLC, MMAS Research Italy S.R.L. and MMAS Research France, SAS, are identified herein as "MMAS Research."

## ALLEGATIONS COMMON TO ALL CLAIMS

5. This case arises from the malicious efforts by Defendant Trubow directly and through his control of MMAS Research to infringe and wrongfully deprive Dr. Morisky of his life's work in developing the Morisky Intellectual Property.

**A. Dr. Morisky's Professional and Educational Background**

6. Dr. Morisky received a Master of Science degree in 1977 and a Doctor of Science degree in 1981, both from Johns Hopkins School of Hygiene and Public Health (Behavioral Sciences and Health Education).

7. Thereafter Dr. Morisky led a 36-year career as a professor and visiting professor at prestigious health and science universities and programs, including Johns Hopkins University, University of Hawaii, China Medical University, Taiwan, National Yang-Ming University, Taiwan, and the University of California at Los Angeles (UCLA).

8. Dr. Morisky concluded his full-time professorship at UCLA in 2017, after approximately 35 years of distinguished service as a Tenured Professor, a Vice Chair, and later Chair of the Department of Community Health Sciences, and as the Program Director for the Masters of Public Health for Health Professionals Program (MPH-HP).

9. Dr. Morisky attained Emeritus status in 2017 and continues to serve in that capacity and as a Professor of Public Health at UCLA Fielding School of Public Health for the Department of Community Health Sciences.

10. Dr. Morisky also continues to serve as a Distinguished Chair Visiting Professor for Kaohsiung Medical University, Kaohsiung City, Taiwan; the Distinguished Visiting Professor for China Medical University, School of Public Health, Taichung City, Taiwan; the Distinguished Visiting Professor for the Taiwan Medical University, College of Public Health and Nutrition, School of Public Health, Taipei; Senior Associate for the Charles R. Dre Post Graduate Medical School, Department of Internal Medicine; Associate for the UCLA

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114                               4                         Amended Complaint

Jonsson Comprehensive Cancer Center; and as an Associate for Johns Hopkins University, School of Hygiene and Public Health, Department of Behavioral Sciences and Health Education.

11. Dr. Morisky has been the recipient of two major NIH grants in connection with his work; has received numerous honors, including "Distinguished Fellow, American Academy of Health Behavior and the Society of Public Health Education, Top 10 CBPR Intervention Program (HIV/AIDS Prevention Program Archive for Developing Countries), Program Excellence Award for "Behavioral Research in Support of HIV/AIDS Prevention in the Philippines, and numerous others. He has published over 30 books, book chapters or monograms and has authored or co-authored over 250 articles in peer-reviewed journals, in addition to numerous seminar presentations and speaking engagements for over three decades.

**B.     The Creation of the "Morisky Medication Adherence Scale"**

12. Dr. Morisky is known world-wide as the foremost expert on identifying and remediating the life-threatening risks associated with the failure of patients to comply with medication protocols. Medical practitioners and clinicians have long known that patients too often die from avoidable complications with terminal or chronic illnesses simply because they fail to take their medication as prescribed.

13. Dr. Morisky's life work has been to provide successful, proven and scientifically replicable protocols that literally extend and save the lives of patients with terminal and chronic illnesses by promptly identifying potential compliance issues and pre-emptively providing timely, scaled, and tailored intervention protocols.

14. Dr. Morisky's work in this field commenced with his doctoral dissertation in 1982 which focused on the long-term outcomes of 400 hypertensive patients who were given educational counseling on the importance of taking their prescription medications as directed as opposed to a control group who did not receive such additional counseling.

15. This was one of the first studies in the field. The findings were so impressive as to result in its publication in the prestigious American Journal of Public Health in 1983,

and the adoption of the counseling intervention by the National Heart, Lung, and Blood Institute.

16. The impact of educational intervention and the use of targeted questionnaires as part of that process was also published in the influential peer-reviewed journal, Medical Care in 1986. Thereafter, the questionnaire became known in medical literature around the world as the "Morisky, Green and Levine Medication Adherence Questionnaire ("MGL MAQ"). The article has subsequently been cited in medical literature over 3500 times.

17. In the same year, 1986, after engaging in numerous research focus group sessions with patients, Dr. Morisky identified four simple yet critical questions, that upon clinical study, proved to effectively predict medication adherence. This four-part questionnaire became known as the "Morisky Medication Adherence Scale" or "MMAS" and is now known as the "MMAS-4."

18. From 1993 to 1997, Dr. Morisky worked as an external consultant on a NIH (National Institutes of Health) research grant at the Martin Luther King Drew Medical Center in Los Angeles to refine and improve the MMAS. The focus of this research was not merely to identify potentially non-compliant patients, but importantly, to inform the medical practitioner of exactly "why" the patient was not likely to take the prescribed medication.

19. This process took years of study and clinical trials to perfect. The result was Dr. Morisky's development of a simple eight-part questionnaire that could provide tailored and targeted information to a medical practitioner sufficient to effectively implement a counseling and intervention protocol for the provider's patients, potentially extending or saving their lives.

20. To distinguish this eight-part questionnaire it is called the "MMAS-8", and the four-part questionnaire thereafter has consistently been identified as the "MMAS-4." Collectively, the two scales are known as the "Morisky Medication Adherence Scales" (herein, simply the "Morisky Scales").

21. In the process of creating the Morisky Scales, Dr. Morisky also perfected the scoring protocols required to accurately quantify likely medication adherence and identify

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114       6       Amended Complaint

appropriate interventions. These processes are known as the "Morisky Medication Adherence Protocol" (herein, the "Morisky Protocol").

22. The original MMAS studies were on adherence for hypertensive patients. Since 1983, Dr. Morisky, in collaboration with over 500 researchers throughout the world, has continued to assess the adherence predictive success of the MMAS-4 and MMAS-8 in an ever-expanding array of medication regimens for a wide range of various chronic and terminal illnesses.

23. In addition, Dr. Morisky has worked with international researchers, the International Linguistic Institutes, MAPI, and Corporate Translations, Inc., to translate the Morisky Scales and Morisky Protocol into over 80 different languages.

24. The Morisky Scales are considered the "Gold Standard" world-wide in peer-reviewed journals for the assessment and remediation of patient medication adherence.

**C.  Dr. Morisky's Copyrighted Works**

25. By operation of federal copyright law, Dr. Morisky is the copyright owner of all writings, articles, books, chapters, monograms, seminar materials, speeches and presentations, and audio and visual works of the same.

26. Included within this body of copyright protected works owned by Dr. Morisky are the MGL MAQ (as a co-owner with other authors), the Morisky Scales (MMAS-4 and MMAS-8), and the Morisky Protocols.

27. While federal copyright registration is not required under federal copyright law to secure ownership of copyrights, registration does provide the holder with presumptive proof of such ownership.

28. On June 12, 2016, the United States Copyright Office issued a Copyright Registration to Donald E. Morisky, Registration No. TX0008285390, for the "Morisky Medication Adherence Scale (4-item)" (the "MMAS-4 Copyright"). A true and accurate copy of that registration is attached hereto as **Exhibit 1**.

29. On September 21, 2018, the United States Copyright Office issued a Copyright Registration to Donald E. Morisky, Registration No. TX0008632533, for the "Morisky

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114                              7                              Amended Complaint

1  Medication Adherence Scale (8-item)" (the "MMAS-8 Copyright"). A true and correct copy
2  of this registration is attached hereto as **Exhibit 2**.

3  30.  Collectively the MMAS-4 Copyright and the MMAS-8 Copyright are the
4  "Morisky Copyrights."

5  31.  Under federal copyright law, ownership of a copyright can only be transferred
6  by an assignment in writing.

7  32.  Dr. Morisky has not assigned or transferred ownership of his MMAS-4
8  Copyright or his MMAS-8 Copyright.

9  33.  The Morisky Copyrights remains the exclusive property of Dr. Morisky.

10  **D.  Dr. Morisky's Trademarks**

11  34.  By operation of federal trademark law, Dr. Morisky's name, MORISKY,
12  MORISKY MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY
13  MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4, MMAS-8, and
14  MORISKY WIDGET (collectively, the "Morisky Marks") have acquired trademark rights in
15  connection with the provision of diagnostic procedures to assess adherence to medication
16  protocols, and in connection with identifying and proscribing compliance and intervention
17  protocols and other related goods and services offered in connection with the same.

18  35.  These terms do not merely identify Dr. Morisky, but also function as secondary
19  source identifiers in that they also identify the source of such diagnostic and intervention
20  protocol and related goods and services. As such, the Morisky Marks are protectable marks
21  under federal trademark law.

22  36.  Under federal trademark law, Dr. Morisky, as the first person to use in
23  commerce the MORISKY, MORISKY MEDICATION ADHERENCE SCALE, MORISKY
24  SCALE, MORISKY MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4, and
25  MMAS-8 marks, is the sole and exclusive owner of such marks, including without limitation
26  any domain names comprised of or confusingly similar to such marks or that employ the
27  mark "MORISKY" as part of such domain name in connection with the offering of similar
28  goods and services.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114                        8                        Amended Complaint

37. Dr. Morisky is also the owner of the MORISKY WIDGET mark even though on information and belief his company at the time, Defendant MMAS Research, LLC was the first to use the mark in commerce. As holder of the MORISKY mark, use of the MORISKY mark in connection with any other term, including WIDGET, for the same or similar goods or services would be barred under federal trademark law as confusingly similar and infringing unless owned by the holder of the MORISKY mark.

38. Dr. Morisky permitted Defendant MMAS Research, LLC to use the MORISKY WIDGET mark only because Defendant MMAS Research, LLC had contractually agreed in the License Agreement between the parties, that any intellectual property developed by MMAS Research, LLC under license from Dr. Morisky would be owned exclusively by Dr. Morisky with the MMAS Research, LLC receiving back a revocable license to use such intellectual property.

39. Dr. Morisky has not otherwise assigned, transferred or authorized the assignment or transfer of any ownership interest in any of the Morisky Marks to anyone, including without limitation, Defendants.

40. Under federal trademark law, the Morisky Marks remain the exclusive property of Dr. Morisky.

**E.     Dr. Morisky's License Agreement with MMAS Research, LLC**

41. In 2011, Dr. Morisky founded MMAS Research, LLC, a California limited liability company ("MMAS Research CA").

42. Dr. Morisky founded MMAS Research CA as a vehicle through which he could license the Morisky Intellectual Property, provide requisite training to ensure proper application of his Morisky Scales, and confirm the accuracy of scoring and the propriety of diagnostic results and intervention protocols.

43. From approximately 2011 to 2014, Dr. Morisky licensed over 3000 clinics, practitioners, and organizations to use the Morisky Intellectual Property.

44. On information and belief, Defendant Steven Trubow learned of Dr. Morisky's work from a University of Chicago professor with whom Mr. Trubow was then working.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114                                                9                                           Amended Complaint

45. On information and belief, Mr. Trubow was then working on a mental health information system (MHIS) that would employ software automation to assist the diagnosis and treatment of mental health patients.

46. Reportedly, that University of Chicago professor informed Mr. Trubow that Dr. Morisky had obtained fantastic outcomes with his Morisky Scales for which Mr. Trubow's MHIS may be utilized.

47. In the Spring of 2014, Mr. Trubow reached out to Dr. Morisky and offered to collaborate on the application of his MHIS to the existing licensing Dr. Morisky was engaged in under MMAS Research CA.

48. The parties ultimately entered into a license agreement ("License Agreement") on or around April 10, 2014.  (**Exhibit 3**.)

49. In consideration of Dr. Morisky's agreement to grant a non-exclusive, non-transferable, perpetual license in the MMAS-8 and related Morisky Intellectual Property, Mr. Trubow's company (the successor-in-interest of which was MMAS Research, LLC) covenanted and agreed, among other things, that for so long as the company remains a licensee of the MMAS-8 or any other intellectual property owned by Dr. Morisky:

    a. The company would remit to Dr. Morisky fifty percent (50%) of the net revenues of the company (**Exhibit 4**); and

    b. that Dr. Morisky "at all times [would] remain the owner of the MMAS-8 and any associated intellectual property, patents, copyrights or derivatives derived from the use of the use of the MMAS-8 in MHIS" (**Exhibit 3**).

50. The parties further agreed that this License Agreement could be terminated for breach of either of the above terms.

51. When the parties agreed to these terms, Mr. Trubow had a Washington company known as Olympic Labs LLC that was originally the licensed company.

52. Thereafter, in or around December of 2016, Mr. Trubow organized MMAS Research LLC, as a Washington company.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114     10     Amended Complaint

53. Although MMAS Research, LLC was not a formal successor of Olympic Labs and no formal license transfer was ever made transferring the License Agreement to MMAS Research, LLC the parties thereafter treated MMAS Research, LLC as the successor licensee to the License Agreement.

54. Without authority or approval of Dr. Morisky, Trubow, later formed Defendants MMAS Research Italy S.R.L. and MMAS Research France, SAS, as entities under his exclusive ownership and control and for which he can accept service of process. On information and belief, Trubow unilaterally directed MMAS Research, LLC, without approval or authorization from Dr. Morisky, to sublicense the rights MMAS Research, LLC had under the License Agreement to Defendants MMAS Research Italy S.R.L. and MMAS Research France, SAS, and these affiliated Defendant entities have thereafter functioned as an extension of or integrated part of MMAS Research, LLC in all material respects.

55. In or around January of 2019, Olympic Labs ceased to exist as an entity.

**F.     Revocation of License Agreement**

56. Dr. Morisky fully complied with the terms of the License Agreement applicable to him.

57. Defendant MMAS Research (inclusive of its affiliated Defendant entities) at the direction of its manager Mr. Trubow has not.

58. Although, Mr. Trubow has consistently reaffirmed that Dr. Morisky is entitled to fifty percent (50%) of the net revenue of the MMAS Research (inclusive of its affiliated Defendant entities), MMAS Research has failed to comply with this provision. (**Exhibit 4**.)

59. MMAS Research (inclusive of its affiliated Defendant entities) has failed to provide an accounting of its books and records to Dr. Morisky.

60. MMAS Research also breached the License Agreement by falsely claiming ownership of Later Created Property in license agreements with customers, applications with the United States Patent and Trademark Office, settlement agreements, and/or communications with others in the market or on public records or filings.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114     11     Amended Complaint

61. Dr. Morisky tried in vain for months to get the MMAS Research and Mr. Trubow to correct their breaches, to provide accounting, to obtain Dr. Morisky's concurrence in company policy and procedures. In all material respects, Mr. Trubow ignored Dr. Morisky's requests or rejected them outright and often became violently angry and verbally abusive.

62. On March 10, 2020, Dr. Morisky formally provided notice of MMAS Research's breach of the License Agreement ("Notice of Breach"). (**Exhibit 5**.) In accordance with the License Agreement this Notice of Breach informed MMAS Research that "the License Agreement will terminate on Friday, April 10, 2020" if MMAS Research failed to cure such breaches by, among other things, doing the following:

    a. Providing a full financial accounting of MMAS Research from 2017 to the present;

    b. Paying Dr. Morisky of all sums due and not paid under the License Agreement; and

    c. Removing any claims of ownership to the MMAS-8 or any associated Morisky Intellectual Property.

63. MMAS Research (inclusive of its affiliated Defendant entities) failed to perform any of the required acts to cure its breach of the License Agreement by April 10, 2020.

64. To date, MMAS Research has neither provided an accounting nor made payment to Dr. Morisky of all sums due and not paid under the License Agreement, and MMAS Research has not removed any claims of ownership to the MMAS-8 or any associated Morisky Intellectual Property.

65. As such, on April 10, 2020, the license to MMAS Research of the MMAS-8 and related Morisky Intellectual Property was revoked. As of April 10, 2020, MMAS Research (inclusive of its affiliated Defendant entities) had no right to use or copy the Morisky Copyrights, no right to use the Morisky Trademarks, and no right to use or disclose the Morisky Protocols.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114     12     Amended Complaint

**G.     Defendants' Infringement of Morisky Intellectual Property**

66.     Despite the termination of the License Agreement with MMAS Research which revoked all rights MMAS Research (inclusive of its affiliated Defendant entities) has to use or exploit any of the Morisky Intellectual Property, MMAS Research has continued to offer sublicenses to the Morisky Copyrights, it continues to unlawfully use the Morisky Trademarks, and it continues to disclose and use the proprietary Morisky Protocols, all of which actions infringe the Morisky Copyrights, the Morisky Trademarks, and constitute unfair and deceptive trade practices.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement - 17 U.S.C. § 101 et seq.)

67.     Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

68.     Plaintiff owns the exclusive rights to Morisky Copyrights, which have significant value backed by decades of research and at authored at considerable expense.

69.     At all relevant times, Plaintiff has been the sole holder of all pertinent exclusive copyrights infringed by Defendants.  The Morisky Copyrights are the subject of a valid Certificates of Copyright Registrations, attached hereto as Exhibits 1 and 2.

70.     On April 10, 2020, Defendant MMAS Research's License to use the Morisky Copyrights was revoked in accord with the terms of the License Agreement between the Parties.

71.     Nevertheless, without permission or consent, Defendants have continued to use, distribute and purport to sublicense the Morisky Copyrights subsequent to Plaintiff's April 10, 2020 revocation of any license, right or authority to do so.

72.     In addition, or in the alternative, Defendants by wrongfully offering sublicenses to third-parties to copy and use the Morisky Copyrights have permitted, facilitated and materially contributed to the extensive infringement of Plaintiff's exclusive rights under The Copyright Act by or with others.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114         13         Amended Complaint

73. In doing so, each Defendant has directly, indirectly, contributorily and/or vicariously violated Plaintiff's exclusive rights of at least reproduction, preparation of derivative works, and distribution of the Morisky Copyrights.

74. Each of the actions of the Defendants described herein constitute infringement of Plaintiff's exclusive rights protected under 17 US.C. § 101 et seq.

75. The Morisky Copyrights contains copyright notices advising the user that the Morisky Copyrights are protected by federal copyright laws. Each of the Defendants' actions with respect to copyright infringement and other acts described herein were made with full knowledge of Plaintiffs ownership of the copyrights in the Morisky Scales.

76. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

77. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Morisky Copyrights and ordering that each Defendant destroy all copies in any format, including digital translations and derivatives based on or utilizing any of the Morisky Copyrights in violation of the Copyright Act.

78. By reason of the foregoing acts, if such remedy is elected at trial, Plaintiff is entitled to statutory damages from each Defendant pursuant to 17 USC §504, et seq. Alternatively, at Plaintiff's election, Plaintiff is entitled to its actual damages incurred as a result of each Defendants' acts of infringement plus any profits of Defendants attributable to the infringements in an amount of at least $10,000.00.

79. The foregoing acts of infringement have been willful or willfully blind, intentional, and in disregard of, and with indifference to, the copyrights of Plaintiff.

80. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to his attorneys' fees and costs pursuant to 17 US.C. § 505.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114     14     Amended Complaint

## SECOND CLAIM FOR RELIEF

(Trademark Infringement – 15 U.S.C. § 1125)

81. Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

82. As a direct result of Plaintiff's longstanding use, sales, advertising, and marketing, the Morisky Trademarks have acquired a secondary and distinctive meaning among the relevant public who have come to identify the Morisky Trademarks with Plaintiff's products, including without limitation the Morisky Scales and related goods and services.

83. Defendants' goods and services exactly duplicate and appropriate the Morisky Trademarks and are likely to confuse the public into falsely believing that Plaintiff approves, authorizes, or sponsors the goods and services offered by Defendants when Plaintiff does not.

84. By misappropriating and using the likeness of the Morisky Trademarks in connection with the sale and offering for sale of Defendants' goods and services, Defendants are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin, approval and sponsorship of Defendants' goods and services.

85. Defendants have caused such goods and services to enter into interstate commerce willfully and with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that Defendants' goods and services are authorized by Plaintiff when they are not.

86. These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

87. Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

88. As a direct and proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to his business, reputation, and goodwill. Plaintiff is entitled to injunctive relief and the recovery all damages incurred thereby and including his attorney's fees and costs.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114     15     Amended Complaint

89. Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

### THIRD CLAIM FOR RELIEF

(Common Law Trademark Infringement)

90. Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

91. By virtue of having used and continuing to use the Morisky Trademarks, Plaintiff have acquired common law rights in each of those Marks.

92. After the termination of the license between the Parties on April 10, 2020, Defendants' use of a mark identical and/or confusingly similar to any of the Morisky Trademarks infringes Plaintiffs' common law rights in his mark. This use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services, products, and/or Internet domain name originates from, or is affiliated with, or endorsed by Plaintiff when, in fact, it is not.

93. As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to his business, reputation, and goodwill. Plaintiff is entitled to recover all damages incurred thereby and to recover his attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF

(Deceptive Trade Practices under N.R.S. § 598.0915)

2. Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

3. In the course of conducting its business, Defendants knowingly made false representations as to affiliation, connection and/or association with Plaintiffs by using a mark or marks that are confusingly similar to Plaintiff's Morisky Trademarks and otherwise engaged in deceptive trade practices.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114   16   Amended Complaint

4.      As the direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.    That Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.      Directly, indirectly, contributorily or vicariously infringing the Morisky Copyrights or any derivatives of the same, including, but not limited to, copying, use, or the licensure of any of the Morisky Scales or any derivatives of the Morisky Scales that are identical or substantially similar to the Morisky Scales, including without limitation, the "Morisky Widget" derivative of the MMAS-8 Copyright;

2.      Advertising, selling and/or offering for sale and good or service involving the provision of any of the Morisky Scales, the Morisky Widget, the scoring of the same, training regarding the same, or any services regarding the Morisky Protocol;

3.      Directly or indirectly infringing the Morisky Trademarks in any manner, including, but not limited to, distribution, advertising, selling and/or offering for sale any good or service which infringes the Morisky Trademarks, including any mark that is confusingly similar to any of the Morisky Trademarks;

4.      Engaging in any conduct that tends falsely to represent that, or is likelky to confuse, mislead or deceive the purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the goods or services offered or sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff or are in some way affiliated with or are the successor in interest to Plaintiff;

5.      Affixing, applying, annexing or using in connection with the distribution, advertising, sale and/or offer for sale or any other use of any good or service under a false

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114          17          Amended Complaint

1  description or representation, including words or marks tending to falsely claim Plaintiff
2  authorized or approved the use, license or sublicense of, or transferred to Defendants or either of
3  them any interest in, the Morisky Copyrights and/or the Morisky Trademarks.

4     6.   Otherwise competing unfairly with Plaintiff in any manner;

5  B.   That Defendants be required to pay actual damages increased to the maximum extent
6  permitted by law and/or other applicable damage at Plaintiff's election;

7  C.   That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff
8  and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that
9  those profits be increased as provided by law; and

10 D.   That Plaintiff be awarded any and all other and further relief as the Court may deem just
11 and proper under the circumstances.

12 DATED May 28, 2020.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ F. Christopher Austin*
F. Christopher Austin
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

Attorney for Plaintiffs

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1114          18          Amended Complaint